IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RONALD W. LAFFERTY,<br><br>       Petitioner,<br>v.<br><br>ALFRED C. BIGELOW, Warden, Utah State Prison,<br><br>       Respondent. | ORDER AND MEMORANDUM DECISION DETERMINING COMPETENCY<br><br>Case No. 2:07-CV-322<br><br>Judge Dee Benson |

  Before the court is the motion that counsel for Petitioner Ronald W. Lafferty filed asking the court to determine whether Mr. Lafferty is competent to assist with his habeas proceedings. After years of litigation related to this request, the court held an evidentiary hearing to address Mr. Lafferty's competency on October 24-25, 2013. Mr. Lafferty was represented by Therese M. Day, David A. Christensen, and Sarah E. Stone. The State of Utah was represented by Thomas B. Brunker and Andrew F. Peterson. Mr. Lafferty was present both days.

  On December 6, 2013, the parties submitted memoranda with proposed findings of fact and conclusions of law regarding Mr. Lafferty's competency. (See Docket Nos. 331 and 336.)

  Since then, the Utah Department of Corrections and the Utah Department of Human Services have filed motions with the court. The Utah Department of Corrections filed a motion for leave to appear if the court finds that Mr. Lafferty is incompetent. (See Docket No. 338.) The Utah Department of Human Services filed a motion to intervene if the court finds that Mr. Lafferty incompetent and orders treatment to restore Mr. Lafferty's competence. (See Docket No. 339.)

The court has carefully considered the evidence admitted at the hearing, especially the oral testimony of Dr. Michael B. First and Dr. Noel C. Gardner, as well as the written competency evaluations of Drs. First and Gardner, and those of Drs. Xavier F. Amador and Dr. Gregory J. Meyer.[1] (See Docket Nos. 238, 248, 252, 268, and 281.) In addition, the court has considered the law governing a determination of competency within the context of a proceeding for a writ of habeas corpus, and the arguments advanced by the parties at the hearing, and in their post-hearing written memoranda. With that in mind, the court enters the following memorandum decision and order determining competency.

## I. Procedural Background

On November 16, 2009, counsel for Petitioner Ronald W. Lafferty asked the court (1) to consider his motion for a determination of competency; (2) to grant him a competency hearing; and (3) to stay his federal habeas proceedings until he could be restored to competency. (See Docket No. 89.) One month later, on December 3, 2009, Mr. Lafferty filed a sealed Motion for Competency Determination. (See Docket No. 94.)

Based on its inherent authority to manage its docket and the issues before it, on January 20, 2010, the district court granted Mr. Lafferty's request for a stay of his federal habeas proceeding. (See Docket No. 104.) Rather than grant a stay based on the restorability of Mr. Lafferty's competence, a stay of potentially unlimited duration, the district issued the stay for "the limited purpose of resolving [Mr. Lafferty's] motion for a competency hearing." (Id.)

The court held a hearing on February 1, 2011 to consider whether Mr. Lafferty had a right to be competent and, if so, the parameters of such a right. After considering the parties' arguments and written submissions, the court granted Mr. Lafferty's motion for a competency

---

[1] Drs. Amador and Meyer did not testify at the competency hearing.

2

determination (Docket No. 94) in part. Specifically, the court ordered the parties to complete their competency evaluations of Mr. Lafferty by May 1, 2011, and to give the court their experts' reports regarding Mr. Lafferty's competence as soon as possible. But the court reserved ruling on Mr. Lafferty's right to be competent during his federal habeas proceeding. (See Docket No. 164 at 2.) The court noted that "[a] competency hearing, if necessary, will be scheduled after all expert reports from both parties are submitted." (Id.)

The court also ordered Mr. Lafferty to file his reply brief on the purely legal, record-based claims presented in his Petition for Writ of Habeas Corpus. (See id. at 2-3.)

In response to the court's order, Mr. Lafferty filed a reply brief on May 2, 2011 that addressed twenty-two of the thirty-five claims in his petition. (See Docket No. 173.) Those twenty-two claims are under consideration by the court. The remaining thirteen claims are claims that Mr. Lafferty's counsel represented required Mr. Lafferty's competent assistance to pursue. (See February 21, 2011 Transcript, Docket No. 158 at 52-53 and Docket No. 159 at 8-10.)

The parties disagreed over discovery issues related to the expert reports and the appropriate scope of a protective order for the competency proceedings for two years. It was not until February 28, 2013, that the court finally had copies of the three expert reports regarding Mr. Lafferty's competence. (See Docket Nos. 238, 248, and 252.)

By then, the legal landscape had changed for competency determinations in federal habeas proceedings. One month earlier, on January 8, 2013, the United States Supreme Court issued its decision in Ryan v. Gonzales, 133 S.Ct. 696 (2013), which found that there is no statutory right to competence[2] during federal habeas proceedings, but that district courts have the

---

[2] The Court held that neither 18 U.S.C. § 4241, nor what is now 18 U.S.C. § 3599, granted federal habeas petitioners a statutory right to competence. Gonzales, 133 S.Ct. at 700.

3

inherent authority and discretion to address competency issues in federal habeas cases. That authority and discretion includes the authority to issue limited competency-based stays.

After carefully reviewing the expert reports, as well as the parties' supplemental briefs regarding Gonzales, the court scheduled an evidentiary hearing for October 24-25, 2013 to take expert testimony regarding Mr. Lafferty's competency. (See Docket No. 253.) Once the hearing was scheduled, the court's stay expired by its own terms.[3] (See Docket No. 104.)

## II. Competency Determination Analysis

Mr. Lafferty argued that his statutory right to habeas counsel under what is now 18 U.S.C. § 3599 entailed a right to be competent during his habeas proceedings. (See Docket Nos. 89, 94, and 145.) His argument was grounded in Rohan v. Woodford, 334 F.3d 803 (9th Cir. 2003). Under Rohan, federal habeas proceedings could be stayed, potentially indefinitely, as long as a petitioner was incompetent. See id. at 817-19.

Gonzales abrogated Rohan. Gonzales held that capital habeas petitioners do not have a statutory right to be competent during their federal habeas proceedings, and that competency-based stays of unlimited duration in federal court not only violate the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") but also frustrate states' interests enforcing their presumptively valid judgments. See Gonzales, 133 S.Ct. at 709.

The question in Gonzales was "whether the incompetence of a state prisoner requires suspension of the prisoner's federal habeas corpus proceedings." Id. at 700 (emphasis added). And the Court found that the Courts of Appeals for the Sixth and Ninth Circuits erred by

---

[3] Despite the fact that the stay expired by its own terms and that scheduling the evidentiary hearing was within the court's discretion, even under the terms of Gonzales, the state nevertheless filed a sealed Petition for Writ of Mandamus and Prohibition with the Tenth Circuit asking the appeals court to lift what the state erroneously termed a "competency-based stay" and to prohibit the court from holding the competency hearing. The Tenth Circuit invited the court to respond to the state's petition, which it did. On June 27, 2013, the Tenth Circuit dismissed the state's petition because there was no stay to vacate and the competency hearing was within the district court's discretionary authority.

4

"holding that district courts <u>must</u> stay federal habeas proceedings when petitioners are adjudged incompetent." Id. (emphasis added).

But holding that such stays are not mandatory and statutorily required is not the same as holding that all competency-based stays are barred, or that district courts cannot make competency determinations about petitioners after taking evidence. Indeed, when a capital habeas petition includes a claim that is unexhausted and not procedurally defaulted, and that "could substantially benefit from the petitioner's assistance," Gonzales allows for a competency-based stay of limited duration if there is "the likelihood that the petitioner would regain competence in the foreseeable future." Id. at 709.

### A. Competency Standard

Standards for evaluating competence developed in the context of competency for trial, and therefore address criminal defendants' understanding of the criminal process and their constitutional rights. Specifically, a defendant must have (1) a rational and factual understanding of the proceedings and (2) the ability to consult with counsel with a reasonable degree of rational understanding. See Dusky v. United States, 362 U.S. 402, 402 (1960); see also Drope v. Missouri, 420 U.S. 162, 171 (1975) (competency involves the capacity to understand the proceedings, to consult with counsel, and to assist with a defense).

"'The focus of a competency inquiry is the defendant's mental capacity; the question is whether he has the ability to understand the proceedings.'" United States v. Verduzco-Martinez, 186 F.3d 1208, 1211 (10th Cir. 1999) (quoting Godinez v. Moran, 509 U.S. 389, 401 n.12 (1993)). "Requiring that a criminal defendant be competent has a modest aim: It seeks to ensure that he has the capacity to understand the proceedings and to assist counsel." Godinez, 509 U.S. at 402.

Congress codified a competency standard that reflected these common law principles in 18 U.S.C. § 4241. Under that provision, a defendant is not competent to stand trial if "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).

While Gonzales found that section 4241 does not guarantee a right to competence, it still provides the relevant framework for evaluating competence.

### B.     Factual Analysis

The court's determination of competency is a factual, not a legal, determination. See United States v. Boigegrain, 155 F.3d 1181, 1189 (10th Cir. 1998). To determine competency, a court "'may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment.'" Id. (citation omitted). In cases with multiple experts, such as this one, a court may find that a defendant is competent by expressly adopting the conclusions of one expert as more persuasive, and discounting the contrary conclusions of another. See United States v. Deshazer, 554 F.3d 1281, 1286-87 (10th Cir. 2009); see also Miles v. Dorsey, 61 F.3d 1459, 1472-74 (10th Cir. 1995).

Against this backdrop, the court had three questions before it on October 24-25, 2013: Is Mr. Lafferty suffering from any mental disease or defect? If so, does the mental disease or defect render Mr. Lafferty incompetent to proceed with his federal habeas petition because he is unable to understand the nature and consequences of the proceeding against him and/or is unable to rationally assist his counsel? If Mr. Lafferty is incompetent, is there a likelihood that he can be restored to competency in the foreseeable future?

The experts addressed these questions in their reports.

Dr. First concluded that Mr. Lafferty suffers from a psychotic disorder due to brain anoxia and an unspecified neurocognitive disorder, and that Mr. Lafferty's delusions and cognitive symptoms "cannot be explained by his religious and extremist political belief systems." (See Docket No. 248 at 45 and Docket No. 268 at 20.) As a result, Dr. First determined that Mr. Lafferty is incompetent and unable to understand the habeas proceedings and to assist his counsel. (See Docket No. 268 at 20.) But, Dr. First believes that there is a "reasonable likelihood" that Mr. Lafferty could be restored to competence with the assistance of antipsychotic medication. (Id.)

Dr. Amador, a clinical psychologist, also found Mr. Lafferty incompetent. (See Docket Nos. 248 and 252.) Dr. Amador reported that Mr. Lafferty suffers from schizophrenia and a psychotic disorder. (See Docket No. 248 at 13.) According to Dr. Amador, those mental diseases and defects render Mr. Lafferty incompetent and unable to communicate rationally with his lawyers or to understand the nature of the habeas proceedings. (Id. at 14.) Dr. Amador did not address Mr. Lafferty's restorability because his report, dated on March 21, 2011, was completed before Gonzales. Mr. Lafferty did not submit a supplemental report for Dr. Amador.

Dr. Gardner, on the other hand, concluded that Mr. Lafferty does not have a "mental disease or defect" that renders him incompetent in his habeas proceedings. (See Docket No. 238 at 3.) Dr. Gardner explained that Mr. Lafferty's behavior is better understood as an outgrowth of his narcissism, his independent fundamental Latter-Day Saint ideas, and his anti-government ideas. (Id.)

After carefully reading all of the expert reports, attentively and actively listening to the oral testimony from, and cross-examination of, Drs. First and Gardner, and after reviewing the

7

parties' post-hearing submissions, the court finds the report and testimony of Dr. Gardner to be the most persuasive and reliable. The court adopts Dr. Gardner's report (Docket No. 238) in its entirety.

Based on Dr. Gardner's report, as well as Dr. Gardner's oral testimony, the court finds that Mr. Lafferty is not suffering from a mental disease or defect that makes him incompetent. Mr. Lafferty has the ability to understand the nature and consequences of the habeas proceedings before the court, and the ability to assist his counsel if he chooses to do so.[4] Because the court finds that Mr. Lafferty is competent, there is no need to address the issue of restorability.

Mr. Lafferty's motion (Docket No. 94) is denied based on the Gonzales decision, Dr. Gardner's report, and the other facts before the court.

The motion for leave to appear (Docket No. 338) filed by the Utah Department of Corrections is denied as moot.

The motion to intervene (Docket No. 339) filed by the Utah Department of Human Services is denied as moot.

SO ORDERED this 9th day of January, 2014.

BY THE COURT:

_____
Dee Benson
United States District Judge

---

[4] The court's finding parallels that of the district court in United States v. Deshazer, which found that while one expert concluded that the defendant suffered from a mental illness, the more persuasive expert was the one who concluded that the defendant suffered from a personality disorder. Despite that disorder, the court found that the defendant had the ability to assist his counsel if he chose to do so. 554 F.3d 1281, 1286-87 (10th Cir. 2009).