IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RONALD WATSON LAFFERTY,<br><br>Petitioner,<br><br>v.<br><br>SCOTT CROWTHER, Warden, Utah State Prison,<br><br>Respondent. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:07-CV-322<br><br>Judge Dee Benson |

## I. Introduction

Mr. Lafferty asks this court to allow him to conduct discovery and expand the record to include evidence in support of claims 9, 10, 12, 21, 32, and 33 in his petition for writ of habeas corpus. He cites Habeas Rule 6(a) which states, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Under Habeas Rule 6, "[g]ranting discovery is left to the discretion of the court, discretion to be exercised where there is a showing of good cause why discovery should be allowed."[1] To show good cause for discovery, a petitioner must show that "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief."[2]

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, where a state court has ruled on the merits of a claim, that ruling receives substantial deference in federal court, and where the state court did not rule on the merits of a claim, the federal court

---

[1] Adv. Comm. Notes to Habeas Rule 6 (citing *Harris v. Nelson,* 394 U.S. 286, 298-99 (1969))

[2] *Bracy v. Gramley,* 520 U.C. 899, 904 (1997).

does not review it either.  This "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal."[3]

## II. Analysis

The state argues that as a threshold matter, Mr. Lafferty cannot show good cause for the discovery he seeks because he waited almost a decade from the time he first identified the claims he now hopes to support with new evidence.  A year ago this court held that Mr. Lafferty made "an intentional decision to delay the case" by waiting to seek discovery on his *Rhines* motion claims, when he could have sought discovery at the beginning of this litigation.  Similarly Mr. Lafferty has not justified waiting since 2007, when his current attorneys first began representing him, before making this discovery request.  Bringing his request this late in the litigation will further delay the case.  The U.S. Supreme Court has said that the delay inherent in habeas review "intrudes on state sovereignty to a degree matched by few exercises of judicial authority."[4]

The evidence that Mr. Lafferty hopes to develop is almost a decade old.  Even if he can show that he is entitled to discovery, his delay has created a genuine risk that any evidence he could develop would be corroded by time: memories fade, documents disappear, and history is evanescent.  Mr. Lafferty argues that his discovery requests have been made according to the natural progression of the case, and he is not at fault for the time it took to determine his competency.  Also, he notes that the state stipulated to discovery occurring at this time in the proceedings and cannot now complain that it should have occurred sooner.

Even if these claims are timely, Mr. Lafferty is not entitled to the discovery that he seeks. In seeking discovery, a habeas petitioner must tie the discovery sought to the elements of the

---

[3] *Harrington v. Richter,* 562 U.S. 86, 102 (2011) (quotations and cite omitted).

[4] *Id.* at 103.

claim made in the case.[5]  In his motion, Mr. Lafferty has not identified the elements of any of his

claims, let alone identified how the requested discovery will prove them.  Generally, he simply

identifies each claim and states that the requested discovery will "bolster" or "support" the

general claims.  But even if he could show that the discovery he seeks corresponds to the

elements of his claims, he would still need to establish that the court may consider it.

### A. The court must deny record expansion that includes evidence on claims that Utah courts adjudicated on the merits (claims 9 (partial), 10 ex. 3, 12 and 21.

The United States Supreme Court, in *Cullen v. Pinholster,* held that for any claim

adjudicated on the merits in state court, this court must limit its review "to the record that was

before the state court."[6]  Any evidence that was not before the state courts is inadmissible in this

habeas proceeding.[7]  The case law is clear that this rule applies equally to Habeas Rule 7

requests as it does to requests for an evidentiary hearing.  The Supreme Court, citing *Cargle v.

Mullin,* a Tenth Circuit case, stated that the "same restrictions apply *a fortiori* when a prisoner

seeks relief based on new evidence *without* an evidentiary hearing."[8]  The Tenth Circuit also

said, "Although *Pinholster* dealt with new evidence that the district court admitted in the context

of an evidentiary hearing, this newly articulated rule applies with equal force to any expansion of

the record under Habeas Rule 7."[9]  Mr. Lafferty's motion seeks to expand the record with new

evidence that was not before the state courts, so under *Pinholster* it must be denied.

Mr. Lafferty argues that *Pinholster* does not limit this court's ability to allow evidentiary

development of claims that were not *fully developed* in state court despite a petitioner's

---

[5] *Bracy*, at  904.

[6] 131 S.Ct. 1388, 1398-1401 (2011).

[7] *See Ryan v. Gonzales,* 133 S.Ct. 696, 708 (2013 (evidence not in the record when state court decided federal claim on merits is inadmissible in federal habeas proceedings).

[8] *Holland v. Jackson,* 542 U.S. 649, 653 (2004) (citing *Cargle v. Mullin,* 317 F.3d 1196, 1209 (10th Cir. 2003).

[9] *Champ v. Zavaras,* 431 Fed. Appx. 641, 655 (10th Cir. 2011).

diligence.[10]  Mr. Lafferty implies that only claims that are fully developed are subject to the

*Pinholster* limitation on evidentiary development.  However, the "fully developed" language

does not appear in the *Pinholster* opinion, and in fact, it would operate opposite to the case's

holding.[11]  For all of Mr. Lafferty's claims that were adjudicated on the merits in state court, this

court's review is limited to the state court record.  This limitation has nothing to do with whether

Lafferty "fully developed" the evidence in state courts.  *Pinholster* focuses on the state court's

adjudication of the claim, not on the petitioner's development of the claim. Four of the seven

enumerated claims for which Mr. Lafferty seeks expansion (claims 9, 10 example 3, 12, & 21)

have been decided on the merits, and thus *Pinholster* applies and bars record expansion.[12]

**B.  The court must also deny record expansion in support of defaulted claims (claim 9 (partial), 10 example 9, 32, and 33).**

The remaining three claims (claims 10 example 9, 32, & 33) are unexhausted and

procedurally defaulted from merits review.  Thus any further evidentiary development on these

claims is pointless.  Mr. Lafferty concedes that Claim 33 and Claim 10 Example 9 are defaulted,

but he argues that under *Martinez v. Ryan*[13] and *Detrich v. Ryan*[14] he is entitled to develop and

present evidence to prove his claims against trial counsel and PCR counsel.  However, this court

recently considered Mr. Lafferty's *Martinez* Motion that was filed concurrently with this motion,

and determined that he does not qualify for relief under *Martinez.*  Therefore claim 33 and claim

10 example 9 are defaulted and barred from merits review.  Mr. Lafferty has not even asked the

---

[10] Doc. No. 382 at 3. (emphasis added).

[11] *See generally Pinholster,* 131 S.Ct. 1388.

[12] *See Black v. Workman,* 682 F.3d 880, 895 (10th Cir. 2012) ("[E]ven if a federal-court evidentiary hearing is not bearred by section 2254(e)(2), the evidence so obtained is inadmissible in reviewing a claim adjudicated on the merits in state court.")

[13] 132 S.Ct. 1309 (2012).

[14] 740 F.3d 1237, 1246-47 (9th Cir, 2013)

court to excuse his default of claim 32, so it is also defaulted and procedurally barred.  Because these claims are barred from merits review, further evidentiary development is pointless.

Mr. Lafferty argues that he should be excused from failing to develop his exhausted claims in state court, because his state-appointed counsel demonstrated and admitted to a complete failure to properly represent him, and thus their actions should not be imputed to him. In support, he cites the Utah Supreme Court in *Menzies v. Galetka,* which stated that while generally a person is bound by the acts or omissions of his or her attorney, "when an attorney willfully disregards a client's interests, acts in a grossly negligent fashion, or renders ineffective assistance of counsel, . . . the attorney is not acting on behalf of the client but is blatantly disregarding his or her representative capacity and subverting the client's interests."[15]  Mr. Lafferty claims that his attorney acted in this fashion.  He says that he was "appointed counsel who utterly failed to perform the basic tasks required of reasonable counsel" and that fault lies not with him, but with the state actors who appointed ineffective post-conviction counsel and with counsel themselves.

The *Menzies* case deals with attorney conduct that was "grossly negligent," "egregious," and "blatantly disregarding his or her representative capacity," such that it created an "exceptional circumstance."[16] After applying the *Strickland* analysis, the court found that counsel "provided Menzies with virtually no representation and willfully disregarded nearly every aspect of Menzies' case."[17]  The court held that there was no question that counsel had provided ineffective assistance.  Mr. Lafferty, on the other hand, has not demonstrated

---

[15] *Menzies v. Galetka,* 150 P.3d 480, 508 (2006).

[16] *Id.*

[17] *Id.* at 513.

ineffective assistance of counsel.  So *Menzies* does not apply to excuse Mr. Lafferty's failure to exhaust his claims in state court.

To succeed on his ineffective assistance claim, Lafferty must prove both (1) that trial counsel's representation was objectively deficient, and (2) prejudice.[18]  To prove deficient performance, Lafferty must prove that specific acts or omissions by his counsel fell below an objective standard of reasonableness.[19]  Mr. Lafferty must also overcome a "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance."[20]  That presumption exists because "[t]here are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys will not defend a particular client in the same way."[21]  Defense counsel is "entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies."[22]

To prove prejudice, Mr. Lafferty must prove that "there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[23]

Because the Utah court decided this ineffectiveness claim on the merits, Mr. Lafferty would be entitled to relief here only if he showed that the Utah court's disposition "was so lacking in justification that there was an error well understood and comprehended in existing law

---

[18] *See, e.g., Strickland v. Washington,* 466 U.S. 668, 687-88, 690, 695 (1984).

[19] *Strickland,* 466 U.S. at 687-88, 690.

[20] *Id.* at 689.

[21] *Id.*

[22] *Harrington v. Richter,* 562 U.S. 86, 131 S.Ct. 770 (2011).

[23] *Strickland, 466 U.S. at 694.*

beyond any possibility for fairminded disagreement."[24]   In other words, he must show that no "fairminded jurist" would agree that the Utah courts correctly resolved the federal issue.[25] That standard applies even if the Court could consider the new evidence that Lafferty proffers for the first time in federal habeas review.[26]

### III. Conclusion

As to the claims that the Utah Supreme Court decided on the merits (claims 9 (partial), 10 ex. 3, 12 and 21), this court must limit its review to the record that was before the state court, and therefore any evidence outside of the state court record is inadmissible.  As to the remaining three claims (claims 10 example 9, 32, & 33), which are unexhausted and procedurally defaulted from merits review, any evidence that was not before the state courts is inadmissible in this habeas proceeding. Therefore the court hereby denies Mr. Lafferty's Motion for Discovery and Expansion of the Record.


SO ORDERED this 5th day of October, 2016.

BY THE COURT:

_____
Dee Benson
United States District Judge

---

[24] *Richter* 131 S.Ct. at 786-87.

[25] *Id.* at 786.

[26] *Gardner v. Galetka,* 568 F.3d 862, 879-83 (10th Cir. 2009).