IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH,CENTRAL DIVISION

| | |
|---|---|
| RONALD WATSON LAFFERTY,<br><br>Petitioner,<br>v.<br><br>SCOTT CROWTHER, Warden, Utah State Prison,<br><br>Respondent. | AMENDED MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:07-CV-322<br><br>Judge Dee Benson |

This Memorandum Decision and Order amends the court's previous Order denying Mr. Lafferty's January 9, 2018 Motion to Alter or Amend Judgment (ECF No. 419).

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Petitioner Ronald Watson Lafferty requests that this court alter or amend the judgment entered on October 5, 2017 (ECF No. 411), related to the court's decision issued on October 4, 2017 (ECF No. 410). Lafferty asserts that the court committed clear error in its denial of claim ten (partial) of his Second Amended Petition for Writ of Habeas Corpus.[1] The State notes in its opposition to the motion, that Lafferty bases his request on a proffer of juror questionnaires that were not part of the state court record when the Utah Supreme Court rejected the claim. Lafferty failed to disclose in his motion that this court has ruled that the extra-record proffer is both inadmissible in this proceeding and unable to show juror bias in any event. ECF No. 413 at 2. Rather than responding to the State's argument, Lafferty filed a motion to strike Respondent's opposition memorandum, claiming that neither Rule 59(e) itself nor the local rules provide for a response (opposition) or

[1] Lafferty did indeed file a Second Amended Petition (*see* ECF No. 40 and 42), which included one additional claim for relief, claim 35.

reply to a Rule 59(e) motion. ECF No. 414. The court disagrees, and hereby denies both the Motion to Strike and the Motion to Alter or Amend.

## I. Standard for Granting a Motion to Alter or Amend

Under Rule 59(e), a court may alter or amend a judgment it has entered if there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). A Rule 59(e) motion is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, at 1012. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

## II. Analysis

### A. The court order was not clearly erroneous in concluding that Lafferty failed to establish that he was tried by a biased jury.

Lafferty raises only Rule 59(e)'s third ground, arguing that this court committed "clear error" when rejecting his claim that appellate counsel was ineffective for failing to appeal the denial of the motion to change venue. In rejecting the claim, the court first noted the Utah Supreme Court's holding that Lafferty had pointed to "'no evidence of a tainted jury,'" which was a prerequisite to establish both elements of his appellate-attorney ineffectiveness claim. ECF No. 410 at 23. The Utah Supreme Court held the following: "Without evidence of prejudice, Lafferty cannot show that counsel was deficient for overlooking an obvious argument that probably would have resulted in reversal on appeal." *Lafferty v. State*, 175 P.3d 530, 540 (2008).

Lafferty argues that there were a large number of prospective jurors who had already determined that he was guilty based upon their exposure to press coverage (ECF No. 39 at 243-49), and that jurors who were actually biased served on his jury. He relies principally on juror questionnaires from Jurors 82, 105, and 213 to argue that biased jurors sat.

These juror questionnaires were an extra-record proffer that Lafferty had not presented to the state supreme court. In his current motion to alter or amend, he fails to disclose that this court has already denied his motion to expand the record to include this proffer, holding that it is inadmissible in this proceeding. ECF No. 399 at 3-4, 7.

He also fails to disclose that this court addressed the substance of the questionnaires when rejecting his *Martinez* motion and determined that they refute his claims of bias on their face. ECF No. 400 at 11 (ruling that questionnaires from Jurors 82 and 105 "on their face refute Mr. Lafferty's bias claim" and that "Juror 213's questionnaire would have dispelled any concerns counsel had about her religious beliefs"). Even if the juror questionnaires were admissible in this proceeding, which the court has held they are not, the court has thoroughly addressed the substance of the questionnaires and why they do not indicate that Lafferty's jury was biased. *See* ECF No. 400 at 8-15 for a detailed discussion.

**B. The court's ruling did not incorrectly interpret clearly established federal law.**

In its opinion, the Utah Supreme Court held the following:

> [O]n his first appeal, Lafferty's counsel, the same counsel who represented him on his second direct appeal, did challenge the denial of his motion to change venue. [citation omitted] This court rejected that challenge because the totality of the circumstances provided no basis for concluding that the trial court should distrust the jurors' assurances of impartiality. [citation omitted] And Lafferty provides no reason why counsel was deficient for failing to again pursue this unsuccessful claim on his second appeal.

*Lafferty*, 175 P.3d at 540. Lafferty argues that the Utah Supreme Court's opinion failed to acknowledge that different jurors were seated at Lafferty's second trial than those who were seated during the first trial, and it also failed to recognize the extensive press that followed Lafferty's first trial, including press about the fact that he had already once been convicted of the crimes for which he was again charged. In federal court, Lafferty argued that the Utah Supreme Court's decision was contrary to or an unreasonable application of clearly established law because it failed to consider the particular facts and circumstances surrounding Lafferty's second trial. ECF No. 349 at 71 (citing four Supreme Court cases: *Irvin v. Dowd*, 366 U.S. 717 (1961); *Rideau v. Louisiana*, 373 U.S. 723 (1963); *Estes v. Texas*, 381 U.S. 532 (1965); and *Sheppard v. Maxwell*, 382 U.S. 333 (1966)).

Lafferty oversimplifies and misstates the state court's holding. As quoted above, the Utah Supreme Court stated that it rejected his challenge to the denial of his motion to change venue on his first appeal because "*the totality of the circumstances* provided no basis for concluding that the trial court should distrust the jurors' assurances of impartiality." *Lafferty*, 175 P.3d at 540 (emphasis added). The court then said that Lafferty had shown no reason "why counsel was deficient for failing to again pursue this unsuccessful claim on his second appeal." *Id.* The clear implication of the court's holding is not that the court failed to consider the particular facts and circumstances of the second trial, but rather, after considering the totality of the circumstances, the court once again found no basis for concluding that the trial court should have distrusted the jurors' assurances of impartiality, and thus no reason to find counsel deficient for failing to pursue the claim.

Lafferty has not demonstrated that the Utah Supreme Court failed to consider the entire record, including the 200 newspaper clippings trial counsel included with his change-of-venue

motion, when it rejected the ineffectiveness claim. Because the "standards created by *Strickland* and § 2254(d) are both 'highly deferential,' a federal habeas court's review of an exhausted ineffective assistance claim must be "'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citation omitted). Under section 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* The federal court must be "exquisitely deferential" to the state court's disposition. *Black v. Workman*, 682 F.3d 880, 891-93 (10th Cir. 2012). Lafferty has not overcome the presumption that the state supreme court scrupulously reviewed all of the evidence in the state court record when rejecting his allegation that biased jurors sat for the second trial.

Lafferty also fails to address this court's determination that he misplaced reliance on *Irvin*, which stated that "the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more," is insufficient "to rebut the presumption of a prospective juror's impartiality." ECF No. 410 (quoting *Irwin*, 366 U.S. at 723). Jurists of reason could agree that Lafferty's proffered evidence in the state courts did not overcome this presumption of juror impartiality.

**C. Mr. Lafferty has not met his burden for a Certificate of Appealability to issue.**

Pursuant to Rule 11 of the Rules Governing Habeas Corpus Cases Under Section 2254, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." U.S.C.S. Sec. 2254 Cases R. 11(a).

Rule 22(b) of the Rules of Appellate Procedure states that an applicant in habeas corpus proceedings "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." The Rule also states that "[i]f the district

judge has denied the certificate, the applicant may request a circuit judge to issue the certificate." Rule 22(b)(1). A number of courts have held that unless the district court has ruled upon whether a certificate of appealability should issue, the circuit court is without jurisdiction to consider an appeal. *U.S. v. Mitchell*, 216 F.3d 1126, 1130 (D.C. Cir. 2000) ("Rule 22(b) requires initial application in the district court for a COA before the court of appeals acts on a COA request."); *U.S. v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997) ("[J]urisdiction is not vested in this Court because the district court has not yet considered whether COA should issue").

Under AEDPA, a certificate of appealability (COA) may issue only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Supreme Court has said that the "substantial showing" standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893, and n. 4 (1983). When a district court rejects on the merits a petitioner's constitutional claims—which this court did with claims 1, 2, 6, 8, 9, 10, 11, 12, 14, 15, 16, 17, 21, 22, 27, 28, 30, 34, and 35—the requirement for satisfying 2253(c) is straightforward: "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

This court, having considered the above standard, concludes that Mr. Lafferty has failed to make a substantial showing of the denial of a constitutional right with regards to these claims for the reasons set forth in the court's Memorandum Decision and Order denying Lafferty's Second Amended Petition (ECF No. 410).

Nine of the claims in Mr. Lafferty's federal petition (claims 13, 18, 19, 20, 23, 24, 25, 31, and 32) were not decided on the merits. They had been procedurally barred by the state post-conviction court because they could have been raised on direct appeal. This court denied the claims, holding that they were technically exhausted and procedurally defaulted for purposes of federal habeas relief. See ECF No. 410 at 5-6.

When a district court denies the petition on procedural grounds without reaching the merits of the constitutional claims, as this court did with these claims, the petitioner has the additional burden of showing that reasonable jurists would find it debatable whether the district court's procedural ruling was correct. *Slack,* at 848.

The Tenth Circuit, in an unpublished opinion, stated that in determining whether to issue a COA, "if the court finds it can resolve the matter on procedural grounds, it is encouraged to do so." *Gilkey v. Kansas,* 58 Fed.Appx. 819, 821 (2003). The court then quoted the Supreme Court's holding in *Slack*: "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such circumstance, no appeal would be warranted." *Id* at 821 (citing *Slack,* at 484).

The court, having considered the above standard for claims denied on procedural grounds, concludes that a plain procedural bar was present and this court was correct to invoke it to dispose of the claims, so Mr. Lafferty has failed in his burden for the reasons set forth in the court's Memorandum Decision and Order denying Lafferty's Second Amended Petition (ECF No. 410 at 5-6).

### III. Conclusion

For the reasons stated above, the court **denies** both Mr. Lafferty's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (ECF No. 412), and his Motion to Strike Respondent's Memorandum Opposing Motion to Alter or Amend (ECF No. 414).

The court also **denies** Mr. Lafferty's request for a COA. He now "may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." U.S.C.S. Sec. 2254 Cases R. 11(a).

SO ORDERED this 19th day of January, 2018.

BY THE COURT:

Dee Benson
United States District Judge